**James W. ANDERSON, et al.,
Plaintiffs,**

v.

**EVERETT AREA SCHOOL
BOARD, Defendant.**

**Civ. A. No. 89–104J.**

United States District Court,
W.D. Pennsylvania.

Oct. 5, 1989.

Arthur S. Cohen, Hollidaysburg, Pa., for plaintiffs.

Thomas R. Doyle, Pittsburgh, Pa., for defendant.

**MEMORANDUM ORDER**

D. BROOKS SMITH, District Judge.

Before the Court at this time is defendant Everett Area School Board's Motion to Dismiss. For the reasons that follow, we grant the motion.

Plaintiffs filed a civil rights complaint under 42 U.S.C. § 1983, alleging that James W. Anderson had been deprived of his civil rights under color of state law by defendant School Board when on January 30, 1989, the driver of a school bus allegedly struck Anderson while he was a passenger on the bus. Plaintiffs characterize this as an assault, and allege that despite being on notice that this bus driver had had problems maintaining discipline on his bus routes, the School Board took no corrective action. Plaintiffs conclude that the School Board's indifference to the bus driver's

past actions rises to the level of a policy of allowing the bus driver to exercise whatever controls he wished, including physical force, without monitoring by the School Board. Plaintiff Anderson seeks compensatory damages for his physical and emotional injuries, and attorney's fees under 42 U.S.C. § 1988. Plaintiff Corle, Anderson's mother, seeks damages and attorney's fees for her emotional distress resulting from the alleged assault on her son.

It is well settled at this point that a school board acts under color of state law when it promulgates and enforces its policies, customs and procedures. *Stoneking v. Bradford Area School District,* 882 F.2d 720 (3d Cir.1988) (Stoneking II). In order for plaintiffs to state a claim pursuant to 42 U.S.C. § 1983, however, they must show that (1) Anderson was deprived of a constitutional (or federal statutory) right; and (2) that the deprivation was the result of (3) an official policy or custom. We do not reach the question whether the deprivation was caused by an official School Board policy because it is clear that, as a matter of law, no *constitutional* deprivation occurred.

The Fourteenth Amendment Due Process Clause protects three classes, broadly speaking, of constitutional rights from state infringement. First is the class of rights specifically incorporated into the Fourteenth Amendment from the Bill of Rights. For instance, an arrest or seizure by police use of excessive force is actionable because it violates the Fourth Amendment's protection against unreasonable searches and seizures. *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Secondly, the Fourteenth Amendment guarantees certain substantive rights against undue infringement. Under this doctrine, the Supreme Court has held for example that institutionalized persons have a right to a minimum level of habitation. *Youngberg v. Romeo,* 457 U.S. 307, 317, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28 (1982). The Court has also held that arrested persons have a right to necessary medical attention while in police custody. See *City of Canton v. Harris,* —— U.S. ——, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The doctrine of substantive due process also protects individuals absolutely from some intentional state intrusions, assuming those intrusions to be such conduct that would shock the conscience by their brutality or that serve no legitimate purpose. See e.g. *Stoneking II.*

Third, the Fourteenth Amendment Due Process Clause also has a procedural component which guarantees, as does the Fifth Amendment, that life, liberty, and property not be taken without due process. See e.g. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985).

As applied to this case, plaintiffs claim no violation of a specifically incorporated right from the Constitution or Bill of Rights. Plaintiffs do refer to the Fifth Amendment's due process clause, but as we have stated above, those guarantees simply parallel those of the Fourteenth Amendment.

Plaintiffs have no substantive due process claim. We take cognizance of the Supreme Court's repeated admonitions that the Fourteenth Amendment does not act as "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). Actions which would be torts under a state's common law still do not become violations of the Fourteenth Amendment merely because the defendant is a governmental unit. *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979) ("[F]alse imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.") See also *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

Plaintiffs allege that the driver of the school bus shook the minor Anderson, threw him into his seat, and struck him once across the face causing "pain, swelling, eye discoloration and blurred vision." This does not rise to the level of a substan-

tive due process violation. First, the action, as alleged by plaintiffs, had a plainly legitimate purpose, that of maintaining order on a moving schoolbus. *Cf. Stoneking II* (sexual assault by a school teacher on a pupil). Second, the action in its alleged execution does not go so far beyond the bounds of decency that there is no relationship between the force allegedly used and the needs of the situation. *See Johnson v. Click,* 481 F.2d 1028, 1033 (2d Cir.) *cert. denied.* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Third, the injuries alleged are not such that the actions of the schoolbus driver can be said to have been malicious and sadistic, as would be the case of a continued beating.

There is a more substantial flaw in plaintiffs' theory, however, if it is contended that a substantive due process claim is stated. Plaintiffs allege only that the School Board was aware that this bus driver had a problem maintaining discipline on his bus routes, but nevertheless failed to take corrective action. Plaintiffs do not allege that the School Board was aware of any repeated use of excessive force by the bus driver, or even that he was guilty of repeated uses of excessive force. Given such deficiencies in the allegata, the plaintiff is in effect asking us to infer a policy of tolerating the use of excessive force from a single incident. This we cannot do. See *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

Plaintiffs state no claim for denial of procedural due process. Plaintiffs' claim is, in its beginning and end, that the school bus driver inappropriately disciplined James Anderson. This is an action for which the tort system of Pennsylvania provides a remedy. This is fully adequate to afford procedural due process to plaintiffs. *Ingraham v. Wright,* 430 U.S. 651, 672, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977), settled this question for disciplinary measures intended as punishment. The principle applies with even greater force here, where it is alleged that the discipline used was solely for the purpose of restoring order.

The Complaint is dismissed. The Clerk is requested to mark this matter closed.